# Exhibit A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ONONDAGA

**JORGE CRUZ**
406 Breman Avenue
Syracuse, NY 13211

        Plaintiff,

vs.

**CLAUDIU V. MAGDA**
386 Pine Valley Drive
Kitchener, Ontario, Canada N2P2V4

**TRANS BN, INC.**
484 Robert Ferrie Drive
Kitchener, Ontario, Canada N2P2T7

        Defendants.

**SUMMONS SERVED WITH COMPLAINT**

Index No.:

TO THE ABOVE NAMED DEFENDANT(S):

    YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the plaintiff's attorney, at the address stated below, a written Answer to the attached Complaint.

    If the Summons is served upon you within the State of New York by personal service you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

    If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

    Onondaga County is designated as the place of trial based on the residence of the plaintiff.

DATED:    Buffalo, New York
              January 14, 2019

*signature*

Rene Juarez, Esq.
**DOLCE PANEPINTO, P.C.**
*Attorneys for Plaintiff*
1260 Delaware Avenue
Buffalo, New York 14209
(716) 852-1888

***PLEASE BE SURE TO FORWARD THIS SUMMONS AND COMPLAINT TO YOUR AUTOMOBILE INSURANCE CARRIER IMMEDIATELY.***

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ONONDAGA

---

**JORGE CRUZ**

            Plaintiff,

vs.

**CLAUDIU V. MAGDA**

**TRANS BN, INC.**

            Defendants.

**COMPLAINT**

Index No.:

---

The plaintiff, JORGE CRUZ, by and through his attorneys, Dolce Panepinto, P.C., as and for his Complaint against the above-named defendants, herein alleges as follows:

1. That at all times hereinafter mentioned, the plaintiff JORGE CRUZ, was and continues to remain a resident of the County of Onondaga and State of New York.

2. That upon information and belief, and at all times material and mentioned herein, the defendant CLAUDIU V. MAGDA was and remains a resident of the City of Kitchener, Province of Ontario in Canada.

3. That upon information and belief, and at all times material and mentioned herein, the defendant CLAUDIU V. MAGDA committed a tortious act within the State of New York.

4. That upon information and belief, and at all times material and mentioned herein, the defendant TRANS BN, INC. was and still is a foreign corporation organized and existing under and by virtue of the laws of Canada, with an address of 484 Robert Ferrie Dr., Kitchener, Ontario N2P2T7.

5. That upon information and belief, and at all times material and mentioned herein, defendant TRANS BN, INC. was authorized to conduct business within the State of New York with

sufficient ties to the State of New York, transacts business in the State of New York, and derives significant revenue from its dealings in the State of New York.

6. That upon information and belief, and at all times material and mentioned herein, the defendant TRANS BN, INC. committed a tortious act within the State of New York.

7. That the Court has jurisdiction over the defendants pursuant to the provisions of New York CPLR § 302(a).

8. That upon information and belief, and at all times material and mentioned herein, the plaintiff JORGE CRUZ was the operator of a certain 2013 KW truck, bearing Illinois license plate number P795541.

9. That upon information and belief, and at all times material and mentioned herein, the defendant, TRANS BN, INC. was the owner of a certain 2006 KW truck, bearing Ontario license plate number 5188PS.

10. That upon information and belief, and at all times material and mentioned herein, the defendant, CLAUDIU V. MAGDA, was an employee, servant or agent of the defendant, TRANS BN, INC.

11. That upon information and belief, and at all times material and mentioned herein, the defendant CLAUDIU V. MAGDA was operating the aforementioned 2006 KW truck, bearing Ontario license plate number 5188PS. with the knowledge, permission, and consent, express or implied, of its owner, the defendant TRANS BN, INC.

12. That upon information and belief, and at all times material and mentioned herein, defendant, CLAUDIU V. MAGDA was using and/or operating the aforementioned 2006 KW truck, bearing Ontario license plate number 5188PS, within the scope of his authority as an employee, servant and/or agent of defendant, TRANS BN, INC.

13. Upon information and belief, and at all times material and mentioned herein, defendant, CLAUDIU V. MAGDA was using and/or operating the aforementioned 2006 KW truck, bearing Ontario license plate number 5188PS, in furtherance of the business of defendant, TRANS BN, INC.

14. Upon information and belief, and at all times material and mentioned herein, Interstate 90, in the area of milepost marker 221.07W, in the Town of Herkimer, County of Herkimer and State of New York, was and still is a public roadway, highway and/or thoroughfare.

15. Upon information and belief, on August 18, 2016, at approximately 8:54 a.m., the the plaintiff JORGE CRUZ was operating the aforementioned 2013 KW truck westbound on Interstate 90, in the Town of Herkimer, County of Herkimer and State of New York..

16. Upon information and belief, on August 18, 2016, at approximately 8:54 a.m., the the defendant CLAUDIU V. MAGDA was operating the aforementioned 2006 KW truck, owned by the defendant TRANS BN, INC., westbound on Interstate 90, in the Town of Herkimer, County of Herkimer and State of New York..

17. Upon information and belief, on August 18, 2016, at approximately 8:54 a.m., the the defendant CLAUDIU V. MAGDA did cause the 2006 KW truck he was operating to collide with the rear end of the 2013 KW truck being operated by the plaintiff JORGE CRUZ, while westbound on Interstate 90, in the area of milepost marker 221.07W, in the Town of Herkimer, County of Herkimer and State of New York.

18. As a result of the aforementioned motor vehicle collision, the plaintiff JORGE CRUZ was caused to sustain serious injuries, including but not limited to injuries to his lumbar spine.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF
AGAINST THE DEFENDANT CLAUDIU V. MAGDA**

19. The plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates them as if set forth in their entirety herein.

20. That upon information and belief, the aforesaid occurrence was caused wholly and solely by reason of the negligence, carelessness, and/or recklessness of the defendant, without any negligence on the part of the plaintiff contributing thereto.

21. As a result of the foregoing and the negligence, carelessness, and/or recklessness of the defendants, the plaintiff was caused to suffer severe, painful and permanent personal injuries; was rendered sick, sore, lame and disabled; was caused to endure great pain and suffering as a consequence of the personal injuries suffered and, upon information and belief, will be caused to endure such pain and suffering in the future as a consequence of the personal injuries suffered; was caused and, upon information and belief, will be caused in the future to incur and/or expend certain sums of money for hospital, medical, chiropractic and related aid, care and attention; was confined to bed and home and may, in the future, be confined to hospital, bed and home; was incapacitated from attending to his usual duties and activities and, upon information and belief, will in the future, be so incapacitated; and was otherwise injured and damaged.

22. By reason of the foregoing, the plaintiff has suffered serious injuries as defined in § 5102(d) of the Insurance Law of the State of New York.

23. By reason of the foregoing, the plaintiff has sustained, and/or will sustain in the future, economic loss greater than basic economic loss as defined in § 5102(a) of the Insurance Law of the State of New York, as well as other economic losses.

24. The limitations of liability set forth in Article 16 of the CPLR do not apply to this action since this action falls within one or more of the exceptions set forth in CPLR § 1602.

25. By reason of the foregoing, the plaintiff has been damaged and is entitled to

compensatory damages against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction over this matter.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT TRANS BN, INC.

26. The plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates them as if set forth in their entirety herein.

27. That the defendant, TRANS BN, INC., is statutorily and/or vicariously liable for the negligence, carelessness, and/or recklessness of the defendant, CLAUDIU V. MAGDA, by operation of §388 of the New York State Vehicle and Traffic Law.

28. That upon information and belief, the aforesaid occurrence was caused wholly and solely by reason of the negligence, carelessness, and/or recklessness of the defendant, without any negligence on the part of the plaintiff contributing thereto.

29. That upon information and belief, under and pursuant to the doctrine of *respondeat superior*, defendant, TRANS BN, INC. is liable and responsible for the negligence, carelessness and/or recklessness of its officers, agents, servants and/or employees, including the defendant, CLAUDIU V. MAGDA in his use and/or operation of the aforementioned 2006 KW.

30. As a result of the foregoing and the negligence, carelessness, and/or recklessness of the defendants, the plaintiff was caused to suffer severe, painful and permanent personal injuries; was rendered sick, sore, lame and disabled; was caused to endure great pain and suffering as a consequence of the personal injuries suffered and, upon information and belief, will be caused to endure such pain and suffering in the future as a consequence of the personal injuries suffered; was caused and, upon information and belief, will be caused in the future to incur and/or expend certain sums of money for hospital, medical, chiropractic and related aid, care and attention; was confined

to bed and home and may, in the future, be confined to hospital, bed and home; was incapacitated from attending to his usual duties and activities and, upon information and belief, will in the future, be so incapacitated; and was otherwise injured and damaged.

31. By reason of the foregoing, the plaintiff has suffered serious injuries as defined in § 5102(d) of the Insurance Law of the State of New York.

32. By reason of the foregoing, the plaintiff has sustained, and/or will sustain in the future, economic loss greater than basic economic loss as defined in § 5102(a) of the Insurance Law of the State of New York, as well as other economic losses.

33. The limitations of liability set forth in Article 16 of the CPLR do not apply to this action since this action falls within one or more of the exceptions set forth in CPLR § 1602.

34. By reason of the foregoing, the plaintiff has been damaged and is entitled to compensatory damages against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction over this matter.

**WHEREFORE**, as a result of the foregoing, the plaintiff, JORGE CRUZ demands judgment against the defendants, jointly and severally, in an amount which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this matter, together with the costs and disbursements of this action, and for such other and further relief which the Court may deem just and proper.

DATED:   Buffalo, New York
         January 14, 2019

                                        Rene Juárez, Esq.
                                        DOLCE PANEPINTO, P.C.
                                        *Attorneys for Plaintiff*
                                        1260 Delaware Avenue
                                        Buffalo, New York 14209
                                        (716) 852-1888